UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOT LEOTIS PILTON,

    Petitioner,                                 Case Number 2:15-CV-10455
                                                HONORABLE NANCY G. EDMUNDS
v.                                                   UNITED STATES DISTRICT JUDGE

PEOPLE OF THE STATE OF MICHIGAN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR STAY AND ABEYANCE AND DISMISSING WITHOUT PREJUDICE THE CASE**

    Elliot Leotis Pilton, ("Petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a motion to stay and hold in abeyance so that he can file a post-conviction motion for relief from judgment in the state court. Petitioner, however, has failed to file an actual petition for writ of habeas corpus, nor does he specify what conviction, if any, that he wishes to challenge nor the claims that he wishes to raise. For the reasons stated below, the Court will deny the motion for a stay and abeyance and dismiss the action. The dismissal is without prejudice to petitioner filing a petition for writ of habeas corpus and a proper motion to hold that petition in abeyance.

    The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner is not entitled to a stay of proceedings for several reasons. First, petitioner has not filed an actual petition for writ of habeas corpus, thus, there is no petition to hold in abeyance. *See Plitt v. On Habeas Corpus,* 1:07-CV-00341, 2007 WL 1412048, * 1 (E.D. Cal. May 11, 2007). Petitioner does not specify what conviction, if any, that he is challenging or state what issues that he wishes to raise in the state courts. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth a number of requirements for a petition. One of the requirements is that a habeas petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Petitioner's motion for a stay cannot serve as the equivalent for a petition for writ of habeas corpus, particularly where petitioner has failed to specify the conviction that he is challenging and the grounds for relief. *See e.g. Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014)(petitioner's request for an extension of time for filing could not serve as the actual petition for a writ of habeas corpus, where it focused exclusively on the need for more time, and it did not specify any grounds justifying relief or state any facts supporting each ground); *See also Warren v. Harrison,* 244 Fed. Appx. 831, 832 (9th Cir. 2007)(neither petitioner's extension of time nor request for the appointment of counsel constituted a petition for writ of habeas corpus).

Moreover, assuming that the motion for a stay could be construed as a petition for writ of habeas corpus, in light of the fact that petitioner failed to delineate the issues that

he wishes to raise either here or in the state courts, this Court is unable to determine whether petitioner's claims have any potential merit or whether they are "plainly meritless." Moreover, petitioner does not state why such claims have not been exhausted with the state courts, thus, he has failed, at this time, to establish good cause for failing to exhaust these claims in the state courts, so as to entitle him to a stay of the proceedings. Petitioner's bare-bones motion for a stay of proceedings does not satisfy the requirements under *Rhines* for the issuance of a stay of proceedings. *See Cunningham v. Conway*, 717 F. Supp. 2d 339, 349 (W.D.N.Y. 2010).

Finally, it is unclear whether petitioner even wishes to file an actual petition for writ of habeas corpus at this time. Before a district court re-characterizes a pleading as a habeas petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton,* 391 F. 3d 710, 713 (6th Cir. 2004)(citing *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002)). The re-characterization of a pleading as a § 2254 petition without prior notice to the petitioner may bar him or her from asserting a habeas challenge to his or her state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C.§ 2244(b). *Id.* Rather than re-characterizing petitioner's current motion as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall dismiss his motion without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that petitioner may wish to file in the future. *Id.* at 713 (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983

action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

The Court will deny petitioner's motion for stay and abeyance and dismiss the action without prejudice. The dismissal is without prejudice to petitioner filing an actual petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, along with a properly filed motion to hold that petition in abeyance.

It is **ORDERED** that the motion for stay and abeyance is DISMISSED WITHOUT PREJUDICE to petitioner re-filing a petition for writ of habeas corpus and any additional motions with the United States District Court for the Eastern District of Michigan. [1]

                                        **s/ Nancy G.Edmunds**
                                        **HON. NANCY G. EDMUNDS**
                                        **UNITED STATES DISTRICT COURT**

DATED:<u>February 12, 2015</u>

---

[1] The Court notes that petitioner failed to submit the $ 5.00 filing fee for filing a habeas petition or an application to proceed *in forma pauperis*, as required by 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases, when he filed his motion, thus, the action would also be subject to dismissal on this basis. *See Gravitt v. Tyszkiewicz,* 14 Fed. Appx. 348, 349 (6th Cir. 2001)(citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)).